OPINION
Appellant James Stafford appeals the decision of the Tuscarawas County Court of Common Pleas that revoked his pretrial diversion status and sentenced him to a term of imprisonment. The following facts give rise to this appeal.
The Tuscarawas County Grand Jury indicted appellant on one count of theft and one count of tampering with evidence on January 20, 2000. Appellant initially entered pleas of not guilty to the charges contained in the indictment. Thereafter, on April 12, 2000, appellant appeared before the trial court and withdrew his not guilty pleas and entered guilty pleas upon the condition that he not be found guilty and instead be referred to the Community Corrections Diversion Program. If appellant successfully completed the program, the trial court would vacate the guilty pleas and dismiss the indictment with prejudice.
On July 11, 2000, the state filed a motion seeking revocation of appellant's participation in the pretrial diversion program because appellant failed to make payments toward restitution, court costs and supervision fees; failed to report for community service on July 1, 2, and 4, 2000; and failed to remain a law abiding citizen by stealing from his place of employment. On July 31, 2000, appellant appeared before the trial court and acknowledged receipt of the motion and waived the conducting of a probable cause hearing. On this same date, appellant also filed a "Request for Information." The trial court scheduled the matter for a hearing on August 24, 2000.
At the hearing, appellant requested the trial court not proceed with the hearing on the basis that he did not receive discovery of information he requested on July 31, 2000. The trial court proceeded with the hearing and found that appellant violated the terms and conditions of his participation in the pretrial diversion program. The trial court terminated appellant's pretrial diversion status and found him guilty of the charges contained in the indictment. Following a pre-sentence investigation, the trial court sentenced him accordingly.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT DENIED THE DEFENDANT A FAIR HEARING UNDER THE 14TH AMENDMENT WHEN IT ALLOWED DOCUMENTARY EVIDENCE AND ALLOWED WITNESSES TO TESTIFY NOT SUPPLIED TO THE DEFENSE IN THE REQUEST FOR INFORMATION.
 II. THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT DID NOT COMPLETE THE COMMUNITY SERVICE WORK HOURS WITHOUT LEGITIMATE EXCUSE.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT HAD STOLEN FROM HIS EMPLOYER.
 I
In his First Assignment of Error, appellant contends he was denied a fair hearing because the trial court permitted the state to introduce documentary evidence and witness testimony that was not supplied to him even though he requested such information prior to the hearing date. We disagree.
On July 31, 2000, appellant filed a "Request for Information" to provide defense counsel with the following information prior to the scheduled merits/plenary hearing:
 1. The names and addresses of all witnesses the Prosecution/Probation Officer plan on calling at the motion to revoke hearing.
 2. The ability to review/copy all tangible documents that the Prosecution/Probation Officer plan on introducing as evidence at the hearing.
 3. Counsel requests a copy of the terms of probation imposed by the Probation Department.
By judgment entry dated August 29, 2000, the trial court overruled appellant's request finding he was not entitled to discovery of materials, under Crim.R. 16, in a revocation proceeding. Judgment Entry, Aug. 29, 2000, at 2. On appeal, appellant maintains this case is analogous to a motion to revoke probation and the same due process requirements should apply. Appellant also contends he did not rely upon Crim.R. 16 as a basis for the requested information.
The state, in its brief, concedes that the appellant's rights are analogous to those afforded a defendant in a probation revocation hearing. We would agree with this conclusion. In the case of Gagnon v.Scarpelli (1973), 411 U.S. 778, the United States Supreme Court addressed due process as it pertains to probation revocation hearings. The Court held that probationers are entitled to:
 * * * (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a `neutral and detached' hearing body * * *; and, (f) a written statement by the factfinders as to the evidence relied upon and reasons for revoking [probation or] parole. * * *" Gagnon at 786, quoting Morrissey v. Brewer (1972), 408 U.S. 471, 489.
In the case sub judice, the state, by way of its motion, notified appellant of the basis for its request that appellant be removed from the diversion program. Appellant was also provided the opportunity to have a probable cause hearing, which he waived. At this hearing, appellant would have had the opportunity to discover evidence that he sought to discover in his "Request for Information." Further, at the hearing, appellant had the opportunity to confront and cross-examine witnesses and to present his own witnesses and documentary evidence. The trial court issued a written decision detailing the evidence it relied upon for revoking appellant's participation in the pretrial diversion program.
Finally, in the case of State v. Parsons (Nov. 15, 1996), Greene App. No. 96 CA 20, unreported, the Second District Court of Appeals concluded that "[s]eeing as probation revocation hearings are not criminal proceedings, and that the criminal rules of procedure were only intended to apply in criminal proceedings, it appears that the discovery procedure outlined in Crim.R. 16 is inapplicable to the probation revocation process." Id. at 10.
In reaching this conclusion, the court of appeals relied upon the following. First, under Crim.R. 16, the parties are referred to as the "defendant" and the "prosecuting attorney" or "prosecution." In probation revocation hearings, the parties are referred to as the "probationer," not the "defendant" because the individual is not on trial and the "probation officer," instead of the "prosecuting attorney," is the one who moves to have the probation revoked.
Second, Crim.R. 16 only applies to pretrial discovery because the rule speaks of discovery in reference to the trial. Third, some discoverable items are framed in a manner that would apply exclusively to a criminal trial. Fourth, paragraph (F) of Crim.R. 16, which outlines the timing of the motions, demonstrates that the rule was intended only to apply in pretrial criminal discovery. Finally, Crim.R. 1 indicates that the criminal rules of procedure are only to apply in "criminal proceedings" and probation revocation proceedings are not "criminal proceedings." Id.
Although Crim.R. 16 is inapplicable to probation revocation proceedings, because a probationer faces a possible loss of liberty, he or she is entitled to some minimal due process rights which the United States Supreme Court set forth in Gagnon, supra, at 786. Our review of the record indicates appellant's due process rights were not violated and appellant received a fair hearing.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred when it concluded appellant failed to complete the community service work hours without a legitimate excuse. We disagree.
The testimony contained in the record indicates that appellant did not complete his required community service on July 1, 2 and 4, 2000. Tr. Revocation Hrng. at 27. Appellant testified that he did not have transportation, to the community service site, on July 1 and 2, 2000.Id. Appellant testified that he appeared at the community service site on July 4, 2000, but saw no community service workers and left. Id. Appellant contends that he made a reasonable effort to complete the required community service and that he had a legitimate excuse for not completing the required service.
In State v. Colvin (October 8, 1996), Richland App. No. 95-CA-76, unreported, and State v. Davis (October 12, 1989), Delaware App. No. 89-CA-17, unreported, this Court held that the preponderance of the evidence standard is the appropriate standard to apply to probation revocation hearings. We find this same standard applicable to the type of hearing conducted in the case sub judice. A trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. State v. Smith (Aug. 28, 1995), Richland App. Nos. 94-CA-62, 94-CA-64; unreported, at 4. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
A review of the record indicates that appellant conceded he did not complete the community service requirement of the diversion program. Tr. Revocation Hrng. at 27. The trial court was in the best position to determine whether appellant had legitimate excuses for not completing the community service requirement. We do not find the trial court abused its discretion when it concluded appellant did not have legitimate excuses.
Appellant's Second Assignment of Error is overruled.
 III
Appellant contends, in his Third Assignment of Error, that the trial court erred when it found that he had stolen from his employer. We disagree.
As with the Second Assignment of Error, we will review this assignment of error under an abuse of discretion standard. Appellant signed a document admitting that he stole items from his employer. However, at his revocation hearing, appellant gave the following explanation as to why he had a particular box in his possession:
 Well, what happened was there was a girl at work that took it out and I don't know if she noticed it moved or not because she come (sic) back in and asked me to take it home which, I mean, with her being a group leader I had no problem with it. So, I took it home — well, I got started taking some boxes to the car, heard it jiggling, by that time it was too late to even take it back in because right there where the box was you got skids here and you got the garage door and a press, so I had — so there's no point in trying to take it back if you know somebody's going to catch you with it. So, the only thing I got to offer is to give them back and they didn't want them. Id. at 28.
Because appellant admitted to stealing the items, we do not find the trial court abused its discretion when it found that appellant failed to remain a law abiding citizen.
Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
WISE, J., EDWARDS, P. J., and GWIN, J., concur.